# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2841
Lower Tribunal No. 09-78710
_____

**Melvin Lakechea,**
Appellant,

vs.

**Magnolia Insurance Company,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

Alvarez, Carbonell, Feltman & DaSilva, PL, and Paul B. Feltman, for appellant.

Jamila G. Gooden, Senior Attorney, Florida Department of Financial Services, Division of Rehabilitation and Liquidation, for appellee.

Before SHEPHERD, C.J., and SUAREZ and SALTER, JJ.

SHEPHERD, C.J.

Melvin Lakechea, an insured under a policy of homeowner's insurance issued by Magnolia Insurance Company, appeals a trial court order vacating an

order substituting Florida Insurance Guaranty Association (FIGA) in the stead of Magnolia, which is insolvent, and staying the case below to allow Lakechea to "proceed with any actions regarding this case with the [Circuit] Court of Leon County Florida and/or the receiver for the insolvent insurer." For the reasons explained below, we reverse the order on appeal and remand for further proceedings.

This case arises out of a dispute between Lakechea and Magnolia for water damage to his home, alleged to have been suffered on January 30, 2009. On April 30, 2010, while an action for damages brought by Lakechea against Magnolia for recovery on the policy was pending in Miami-Dade County Circuit Court, the Leon County Circuit Court entered a consent order appointing the Florida Department of Financial Services (DFS) receiver, pursuant to Chapter 631 of the Florida Statutes, for the purpose of the liquidation of Magnolia. Magnolia, by notice, informed the Miami-Dade court of the consent order, and that, pursuant to sections 631.50-70 of the Florida Statutes, it was henceforth the responsibility of FIGA to process pending claims against Magnolia. Soon thereafter, Magnolia moved and obtained an order dismissing it from the action. Lakechea, in turn, submitted his claim to FIGA and sought to substitute FIGA in place of Magnolia in the lawsuit.

Puzzlingly, after being dismissed from the lawsuit, Magnolia, through private counsel separate from counsel for the receiver, objected to FIGA being substituted in its place. Several motions, responses, and hearings later, the trial court ordered that FIGA's role in the instant action should be determined by the Leon County Circuit Court, which appointed the receiver. This was error.

We know of no authority to support a collateral transfer of this case to the Leon County Circuit Court to determine whether FIGA should become a party to the proceedings below, and the parties have provided us none. We therefore reverse the order of the trial court transferring the case below to Leon County. See Kuvin, Klingensmith & Lewis, P.A. v. Fla. Ins. Guar. Ass'n, 371 So. 2d 214 (Fla. 3d DCA 1979).

When an insurer becomes insolvent, "FIGA is deemed the 'insurer' to the extent of covered claims and has the same obligations as the insolvent insurer." Jones v. Fla. Ins. Guar. Ass'n, 908 So. 2d 435, 454 (Fla. 2005); see also, § 631.57, Fla. Stat. (2010). Although there is a permanent stay on any action against DFS as receiver, FIGA is amenable to suit in connection with any unpaid claims. Compare § 631.041, Fla. Stat. (2010) with § 631.57(2)(c). Accordingly, we reverse that portion of the order vacating the order substituting FIGA and remand the case to the trial court for further proceedings.

Reversed and remanded with directions.

3